UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
DEC 14 2007
CLERK

| | | |
|---|---|---|
| NICOLE WHITE BEAR CLAWS, | ) | CIV. 06-5085-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff applied for Social Security disability insurance benefits due to HIV-positive status and related depression. The Administrative Law Judge (ALJ) denied plaintiff's claim. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a

reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.

1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## BACKGROUND AND DISCUSSION

Plaintiff was diagnosed with HIV in 1999. Administrative Record (AR) 263. At the time, she was 26 years old. Shortly thereafter, she reported experiencing symptoms related to depression. AR 277. She was prescribed both HIV medication and anti-depressant medication. AR 277, 385. She was initially described as having an "excellent response" to HIV medications. AR 385. However, within a matter of months she began a pattern of noncompliance with doctors' orders regarding medication that persisted at least until the time of the ALJ hearing.

The record before the Court is replete with documentation of plaintiff's failure to diligently and regularly take the medications that have been prescribed to her. Medical notes indicate that plaintiff "had multiple issues with noncompliance regarding her HIV therapy;" AR 308, that she "seems to have a mental block about taking her medications each day;" AR 531, that "she does not seem committed to continuing medications;" AR 365, that she has "a long history of medical noncompliance;" AR 533, and that plaintiff

3

was "extremely noncompliant" with respect to taking her medications. AR 484. Plaintiff claims that her refusal to regularly take prescribed medications was due to the fact that the medications caused uncomfortable side effects such as nausea and dry mouth. However, a doctor's note from 2002 indicates that plaintiff was a "self admitted alcoholic" who was not taking either HIV medication or anti-depressant medication "because she is drinking." AR 312. This note reflects the doctor's instruction that "it is very important for her to stop drinking, as it does contribute to her depression, as well as precludes her from taking most antidepressant medications." AR 311. The note also indicates that plaintiff "understands she cannot take HIV medications when drinking." Id. Nevertheless, plaintiff admitted that she continued to drink alcohol even up to the time of the ALJ hearing. AR 625.

Plaintiff also has a long history of failing to appear for doctor's appointments. AR 258, 256, 255, 252. This may be due in part to her admitted effort to keep her HIV status confidential. AR 373. A doctor's note from 2002 – three years after her HIV-positive diagnosis – indicates that plaintiff "is HIV positive but has not told her sexual partner, children, or family members." AR 312. With respect to her depression symptoms, a medical note from 2002 indicates that plaintiff "has been highly encouraged" to attend group support sessions, but "her fear is so high that she will be identified as being HIV positive that she has resisted going to these groups." AR 261-62.

4

In 2003, plaintiff served 90 days in jail for criminal charges related to the failure to inform her sexual partner of her HIV-positive status. AR 330. This appears to be the only time she faithfully complied with doctors orders regarding medications. A medical note from 2003 indicates that it was "fairly likely" she was taking her medication at the time, "given the fact that she is in custody." AR 301. The note indicates that plaintiff "appears to be tolerating [her medications] reasonably well, but does have some nausea associated with her medications. She has been using Phenergan and that has kept it under control." Id. The note also indicates that plaintiff herself "states her health has been doing fairly well since she has been on medications."

The ALJ's denial of plaintiff's application for disability benefits was based in part on his finding that plaintiff was not fully credible. It is well-settled in the Eighth Circuit that the refusal or failure to follow a medically prescribed course of treatment is a legitimate reason to discount a claimant's credibility. Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility."). The Guilliams case also provides that "[e]vidence of effective medication resulting in relief . . . may diminish the credibility of a claimant's complaints." Id. Similarly, a condition that can be controlled by medications cannot be found to be disabling. Brown v. Barnhart, 390 F.3d 545, 540 (8th Cir. 2004) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").

5

Viewing the facts of this case under the governing law, the Court finds that the ALJ's decision is supported by substantial evidence. Plaintiff has demonstrated a seemingly incorrigible pattern of medical noncompliance. This, coupled with her refusal or inability to give up alcohol, renders her disability – to the extent that it exists – largely one of her own making. Indeed, the only time plaintiff faithfully complied with her medication regimen and refrained from alcohol was when she was incarcerated, and, not coincidentally, her health was well during this time.

For the foregoing reasons, the ALJ's decision is affirmed in all respects.

Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed.

Dated this 14th day of December, 2007.

BY THE COURT:

_____
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE